**In re THE ACADEMY, INC., Debtor.**

**The Academy, Inc., Plaintiff,**

**v.**

**James, Hoyer, Newcomer and Smiljanich, P.A., et al., Defendants.**

**Bankruptcy No. 02–00514–8C1. Adversary No. 02–0476.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 28, 2003.

John A. Anthony, Stephanie M. Biernacki, Tampa, FL, for Plaintiff.

Emily Peacock, Tampa, FL, for Defendants.

Patricia Willing, Tampa, FL, Assistant United States Attorney.

## ORDER ON CLAIMS WITHDRAWAL ISSUE

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This adversary proceeding came on for consideration of the claims withdrawal issue pursuant to paragraph 3 of the court's Third Case Management Order entered on November 26, 2002 (Document No. 26) and the parties' briefs (Documents Nos. 25A and 27). These briefs relate to the issue first raised by the defendants in motions to dismiss and for leave to withdraw their claims (Documents Nos. 7, 18, 20, and 25) to which the plaintiff expressed opposition in open court. Hence, the court ordered the briefing schedule.

## I.

The central facts necessary to an understanding of this dispute are simple:

The plaintiff is the debtor who filed its Chapter 11 bankruptcy case in this court on January 11, 2002. The defendants, "Unnamed Individuals," are persons who had previously filed a qui tam action in the district court against the plaintiff. The defendant, James, Hoyer, Newcomer & Smiljanich, is a law firm that represented the Unnamed Individuals in the qui tam action.

On June 10, 2002, the defendants timely filed proofs of claim in the plaintiff's bankruptcy case. Proof of Claim No. 50 is a proof of claim filed by "Undisclosed Relators in a pending sealed Qui Tam action" in the amount of "estimated $5,000,000.00" for "[r]elators share of pending sealed Qui Tam action." Proof of Claim No. 49 is a proof of claim filed by the law firm in the amount of "estimated in excess of $1,000,000.00" for "Attorneys Fees in pending sealed Qui Tam." Both proofs of claim allege that the debts were incurred from "May 2000 through September 2001."

On June 17, 2002, the plaintiff filed this adversary proceeding against the unnamed individuals and the law firm. The adversary proceeding complaint contains the plaintiff's objections to the two proofs of claim. The complaint also seeks declar-

atory relief as against the defendants to the effect that there is no debt owed to either defendant and an estimation of the defendants' claims under Section 502(c) of the Bankruptcy Code. This matter is properly an adversary proceeding. "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." F.R.B.P. 3007. A claim for declaratory relief, of course, is an adversary proceeding under F.R.B.P. 7001(a).

On July 17, 2002, the defendants moved to dismiss the complaint on the grounds that they had withdrawn their proofs of claim and the complaint was therefore moot (Document No. 7). The purported withdrawal of the claims to which the defendants referred occurred on July 12, 2002, when the defendants filed withdrawal documents (Main Case Documents Nos. 139 and 140). Although the court is unaware of the details, counsel for the United States informed the court and the parties in open court that the district court dismissed the qui tam action, apparently at a time between the time the defendants filed their proofs of claims and the time they sought to withdraw them. In their brief, the defendants say that they filed their notices of withdrawal "immediately after the *qui tam* case was voluntarily dismissed."

On July 19, 2002, the plaintiff moved to amend the complaint (Document No. 10). In the motion, the plaintiff seeks to amend the complaint to add additional claims for tortious interference with contractual relations, tortious interference with prospective business advantage, slander, libel, defamation, fraud in the inducement, abuse of process, and others.

The plaintiff's original complaint objecting to the defendants' proofs of claim alleges generally that the claims are meritless. The declaratory relief and claims estimation claims also seek a determination that the proofs of claim are meritless. In that sense, they add no additional matter—either factual allegations or legal claims for relief—above and beyond that contained in the objections to the proofs of claim. The original complaint does not, however, allege any factual basis upon which claims of the kind the plaintiff wishes to add in an amended complaint can be stated. To allege such claims, therefore, the plaintiff must significantly amend the factual allegations made in the original complaint. Nevertheless, these additional claims arise from the same facts, circumstances, and transactions as those from which the defendants' claims as stated in their proofs of claim arose.

Based upon the many hearings the court has conducted in this case, the court understands the plaintiff's theory to be that the defendants and the United States Department of Education have caused the collapse of the plaintiff's business and the corresponding loss of its value. Thus, it is through the vehicle of the amended complaint in this adversary proceeding that the plaintiff intends to prosecute its claims against these defendants and recover its alleged damages.

In general, the defendants want to withdraw their proofs of claim. They assert that, without claims in the case, there is no basis for the court to entertain the plaintiff's additional claims against them and that the adversary proceeding should therefore be dismissed. The plaintiff asserts, on the other hand, that the defendants consented to the jurisdiction of the court when they filed their proofs of claim. Thus, they argue that the defendants may not destroy the court's jurisdiction over them by simply withdrawing their proofs of claim.

Accordingly, the court ordered the parties to brief the issue of the defendants'

withdrawal of their claims (Document No. 26).

## II.

F.R.B.P. 3006 generally controls the question of withdrawal of proofs of claim. In relevant part, that rule provides:

A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor . . . otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the . . . debtor in possession . . . . The order of the court shall contain such terms and conditions as the court deems proper.

Thus, the provisions of this rule are not unlike the provisions of F.R.Civ.P. 41(a)(2) that permit a voluntary dismissal of an action only upon conditions to be determined by the court, unless otherwise agreed by the defendant, when the plaintiff seeks voluntary dismissal after the defendant files an answer or a motion for summary judgment. The Advisory Committee Note to F.R.B.P. 3006 specifically provides:

The filing of a claim does not commence an adversary proceeding but the filing of an objection to the claim initiates a contest that must be disposed of by the court. This rule recognizes the applicability of the considerations underlying Rule 41(a) F.R.Civ.P. to the withdrawal of a claim after it has been put in issue by an objection. Rule 41(a)(2) F.R.Civ.P. requires leave of court to obtain dismissal over the objection of a defendant who has pleaded a counterclaim prior to the service of the plaintiff's motion to dismiss.

F.R.B.P. 3006, however, is not the only applicable rule on this question. Because this issue arises in an adversary proceeding, F.R.Civ.P. 41(a)(2) also applies as mandated by F.R.B.P. 7041. In relevant part, F.R.Civ.P. 41(a)(2) provides:

[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. *If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.* Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice. (Emphasis added).

In interpreting the provisions of Rule 41 in these circumstances, one cannot mindlessly focus on the words "plaintiff" and "defendant" as those words are used and understood in the context of an ordinary civil action. Instead, one must read those words in the context of F.R.B.P. 3007 that requires the filing of the adversary proceeding by the debtor when the debtor joins an objection to claim with an adversary proceeding. In this context, the debtor is the party most analogous to the traditional civil action defendant who is filing an answer and counterclaim in response to the claimant's proof of claim. Indeed, bankruptcy lawyers typically denominate the pleading they file in these circumstances as a counterclaim rather than a complaint. In other words, the claimant—the Rule 41 plaintiff—files a proof of claim that is in the nature of a complaint. The debtor—the Rule 41 defendant—files an objection to the proof of claim that is in the nature of an answer. Pursuant to the provisions of F.R.B.P.

3007, the debtor must file that objection (or answer) in an adversary proceeding when the debtor joins the objection with a claim for other relief. In applying the provisions of F.R.Civ.P. 41(a)(2) to the adversary proceeding claims objection situation, therefore, it is the claimant who is the "plaintiff" within the meaning of the rule and the debtor who is the "defendant" within the meaning of the rule, notwithstanding the fact that the debtor filed the adversary proceeding and is therefore called the plaintiff.

## III.

 In applying these principles to the facts of this dispute, it appears that the defendants should be permitted to withdraw their proofs of claim. For reasons known to them but unknown to the court, they no longer contend that the plaintiff owes them money. The court can see no benefit to anyone in preventing the defendants from withdrawing their proofs of claim and in somehow forcing them to continue with litigation to establish their rights to payment from the plaintiff when they no longer assert any rights to payment. The real issue for the court, therefore, involves the terms and conditions upon which the court should condition the defendants' withdrawal of their proofs of claim.

First, in these circumstances, the court should order that the defendants' withdrawal of their claims is with prejudice. If the defendants wish to withdraw their claims at this point, they should do so fully and finally. The claims bar date in the bankruptcy case has long since run, and the interests of finality mandate that the defendants keep no strings attached to their withdrawal such that they could attempt to revive their claims against the plaintiff in the future.

Second, the court must consider what is to happen with the plaintiff's claims for relief as against the defendants. As to this, the plain language of F.R.Civ.P. 41(a)(2) would seem to require that the claims remain pending for adjudication by the court. In the words of Rule 41(a)(2), because the debtor has pleaded a counterclaim "prior to the service upon the [debtor] of the [claimants'] motion to dismiss, the action shall not be dismissed against the [debtor's] objection unless the counterclaim can remain pending for independent adjudication by the court."

Even if the plain language of Rule 41 did not compel this result, the court would nevertheless order the retention of jurisdiction to consider the plaintiff's claims against the defendants as part of the terms and conditions of allowing the defendants to withdraw their proofs of claim under F.R.B.P. 3006. The defendants voluntarily came to this court to assert their claims against the plaintiff. In so doing, they consented to the jurisdiction of the court for the purpose of their claims against the plaintiff and the plaintiff's claims against them. The fact that they no longer wish to assert claims against the plaintiff should not impact in any way the court's jurisdiction over them for the purpose of the plaintiff's claims against them.

Moreover, in the context of this bankruptcy case, it makes complete sense to have this court adjudicate the plaintiff's claims against the defendants. This court has more than a year's experience in dealing with the issues of this case. The issues involved in the plaintiff's claims against the defendants arise from the same series of events, occurrences, and transactions as were involved in the defendants' claims against the plaintiff that the defendants wish to withdraw. The plaintiff's claims represent a significant asset of the bankruptcy estate. If the claims have

merit and result in a recovery, they will add correspondingly to the meager distribution that is now contemplated under the plaintiff's confirmed plan of reorganization.

As compared to other courts of competent jurisdiction, this court can more promptly and more efficiently bring the litigation to a conclusion. This is an especially important consideration given the limited resources available to the plaintiff to fund litigation. In the plaintiff's confirmed plan, the sum of only $250,000 was reserved for litigation expenses, and the plaintiff must husband those resources carefully if a benefit to the creditors and to the estate is to be achieved.

## IV.

For these reasons, the court orders as follows:

1. The motions for leave to withdraw claims (Documents Nos. 20 and 25) are granted in part. Proofs of Claim 49 and 50 are deemed withdrawn with prejudice.

2. The defendants' motion to dismiss (Document No. 7) is denied.

3. The court's jurisdiction over the plaintiff's claims against the defendants shall continue unaffected by the withdrawal of the proofs of claim.

4. The parties shall comply with the court's Third Case Management Order entered on November 26, 2002 (Document No. 26) as to the timing of the filing and service of the plaintiff's amended complaint and the defendants' response.